**[ORAL ARGUMENT NOT SCHEDULED]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

ELECTRONIC PRIVACY INFORMATION
CENTER.,

        Plaintiff-Appellant,

  v.

TRANSPORTATION SECURITY
ADMINISTRATION,

        Defendant-Appellee.

No. 13-5114

---

**RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE**

    Defendant-appellee Transportation Security Administration (TSA) hereby submits its response in opposition to the motion (Pl. Consol. Mot.) of plaintiff-appellant Electronic Privacy Information Center (EPIC) to consolidate this appeal with *Electronic Privacy Information Center v. Department of Homeland Security*, No. 13-5113 (D.C. Cir.).

    1.  Plaintiff brought the instant action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against TSA, seeking disclosure of records related to TSA's "Automated Target Recognition" (ATR) technology.

    2.  In contrast, plaintiff brought the FOIA action involved in Appeal No. 13-5113 against the Department of Homeland Security (DHS), seeking disclosure of

records concerning radiation emissions produced by TSA's "Advanced Imaging Technology" (AIT).

3. In two separate opinions, each issued on March 7, 2013, the district court (per Lamberth, C.J.) upheld most of the exemptions claimed by DHS and TSA in their respective cases.[1]

4. Plaintiff has appealed both decisions and now moves to consolidate the two appeals, indicating that each appeal will focus exclusively on the material withheld under FOIA's "deliberative process" exemption, Exemption 5, 5 U.S.C. § 552(b)(5). *See* Pl. Consol. Mot. 3.

5. The government opposes the motion for consolidation. Although TSA is a component of DHS, and the two cases were decided by the same district court judge on the same day, the fact remains that the two actions were brought against different defendants, involve entirely different documents, and were not consolidated in district court (nor did plaintiff seek such consolidation in that court). Further, a comparison of the two opinions reveals that, despite some overlap in the description of Exemption 5, the court's analysis of the Exemption 5 issues was decidedly different; nor did the district court cross-reference its Exemption 5 rulings in any respect.

---

[1] *See EPIC v. DHS*, C.A. No. 10-1992 (RCL) (D.D.C. Mar. 7, 2013), *appeal pending*, No. 13-5113 (D.C. Cir.); *EPIC v. TSA*, C.A. No. 11-290 (RCL) (D.D.C. Mar. 7, 2013), *appeal pending*, No. 13-5114 (D.C. Cir.).

*Compare EPIC v. DHS*, C.A. No. 10-1992 (RCL) (D.D.C. Mar. 7, 2013), slip op. 12-21 *with EPIC v. TSA*, C.A. No. 11-290 (RCL) (D.D.C.), slip op. 9-20.

6. Moreover, plaintiff's claim that "the same attorneys . . . at the Department of Justice handled both cases" (Pl. Mot. 3) is not entirely accurate. The government's lead district court counsel in the DHS case was Jesse Grauman, Esquire, and its lead district court counsel in the TSA case was Joseph Mead, Esquire; Mr. Grauman authored the government's summary judgment pleadings in the DHS case, and Mr. Mead did the same in the TSA case.[2] And once again, examination of the respective pleadings (available on the district court docket in the two actions) reveals that, despite some overlap in the description of Exemption 5, the Exemption 5 analysis in each case was very different.

7. Plaintiff apparently intends to argue that the district court committed the same error in its Exemption 5 analysis in both cases. *Compare* Plaintiff's Statement of Issues in No. 13-5113 with Plaintiff's Statement of Issues in No. 13-5114 (describing the issue in each appeal as "[w]hether the district court erred in failing to apply this Circuit's 'inextricably intertwined' test before determining that records containing non-deliberative, factual materials may properly be withheld in their entirety under

---

[2] We note also that Messrs. Grauman and Mead each filed an opposition in district court to plaintiff's pending request for attorneys' fees in their respective cases. Although Messrs. Grauman and Mead have each entered an appearance in both district court actions, and Mr. Mead recently filed a document in Mr. Grauman's case in Mr. Grauman's absence, the fact remains that a different lead counsel is handling each case in district court.

Exemption 5 of the [FOIA]"); *see also* Pl. Consol. Mot. 3. Plaintiff's prospective argument, however, furnishes an insufficient basis to consolidate the two appeals at this juncture. After the conclusion of briefing, if the Court concludes that the two cases are sufficiently related that they should be heard by the same panel, or perhaps even consolidated for purposes of argument and/or decision, the Court obviously will be free to take this course. But at present, the differences between the two cases appear to outweigh the similarities, and therefore consolidation is unwarranted.

## CONCLUSION

For the foregoing reasons, the motion should be denied.

                              Respectfully submitted,

                              **/s/ Leonard Schaitman**
                              LEONARD SCHAITMAN
                              (202) 514-3441

                              **/s/ John S. Koppel**
                              JOHN S. KOPPEL
                              (202) 514-2495
                                  Attorneys, Appellate Staff
                                  Civil Division
                                  U.S. Department of Justice
                                  950 Pennsylvania Ave., N.W.
                                  Room 7264
                                  Washington, D.C.  20530

JUNE 2013

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I filed and served the foregoing Response with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

　　　s/ John S. Koppel　　　
JOHN S. KOPPEL
Attorney
